Noe Alfonso MORALES–
LOPEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–70227.

Agency No. A73–220–465.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 18, 2006.

Charles E. Nichol, Law Office of
Charles E. Nichol, San Francisco, CA, for
Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of
Homeland Security, San Francisco, CA,
Linda S. Wendtland, Ann Carroll Varnon,
U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC,
for Respondent.

Before B. FLETCHER, TROTT, and
CALLAHAN, Circuit Judges.

MEMORANDUM**

Noe Alfonso Morales–Lopez, a native
and citizen of Guatemala, petitions for review of the Board of Immigration Appeals
("BIA") order affirming without opinion an
immigration judge's ("IJ") decision denying his application for asylum, withholding
of deportation, and relief under the Convention Against Torture ("CAT"). We
have jurisdiction pursuant to 8 U.S.C.
§ 1252. Reviewing for substantial evidence, *Cordon–Garcia v. INS*, 204 F.3d
985, 990 (9th Cir.2000), we grant the petition for review and remand.

Substantial evidence does not support
the IJ's determination that Morales–Lopez
was not eligible for asylum. Morales–Lo-

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

pez testified that political conspirators approached him and asked him to assist in an assassination plot against a local politician he was assigned to protect. Morales–Lopez refused to participate and reported the assassination plot to the governor. Morales–Lopez testified that he was then threatened, assaulted, and shot at by several men who called him by name and told him it was his punishment for not collaborating with them. Based on this evidence, a reasonable fact-finder would be compelled to conclude that Morales–Lopez was persecuted on account of imputed political opinion. *See id.* at 992 ("Petitioner's 'presumed affiliation' with the Guatemalan government—an entity the guerrillas oppose—is the functional equivalent of a conclusion that [he] holds a political opinion opposite to that of the guerrillas, whether or not [he] actually holds such an opinion"); *Desir v. Ilchert,* 840 F.2d 723, 729 (9th Cir.1988) (finding persecution on account of imputed political opinion where petitioner refused to affiliate himself with a particular political faction or to accede to its extortionate demands, and was then perceived by the group as opposing it because of that refusal).

We lack jurisdiction to consider Morales–Lopez's withholding and CAT claims because he did not raise them before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

We remand to the agency pursuant to *INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam) for a determination of whether the government has rebutted the presumption of Morales–Lopez's well-founded fear of future persecution. *See Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002) (a finding of past persecution gives rise to a presumption of a well-founded fear of future persecution, rebuttable by an individualized showing that conditions have changed sufficiently so as to overcome that presumption).

**PETITION FOR REVIEW GRANTED; REMANDED.**